## NICHOLS v. SUCCESSION OF CARMOUCHE (ASSETS REALIZATION CO., Inc., Intervener).
### No. 1002.

Court of Appeal of Louisiana. First Circuit.
June 30, 1932.

Medlenka & Bruner, of Crowley, for appellant.

Carmouche & Carmouche, of Crowley, for appellee.

### LE BLANC, J.

On July 1, 1927, William J. Carmouche, since deceased, granted a mortgage on certain property in the city of Crowley, La., in favor of the future holder or holders, to secure the payment of five certain promissory notes of

$300 each, which were executed in conformity therewith. Mrs. Ruby Lindsey Nichols became the holder and owner of the notes, and in the course of the administration of the succession of Carmouche caused executory process to issue thereon.

While the property under foreclosure was being advertised for sale, Asset Realization Company, Inc., third opponent, filed an intervention claiming that it held a series of notes similar to the notes held by Mrs. Nichols and secured by an act of mortgage executed on the same day, before the same notary. It is alleged that the notes it holds are past due and unpaid, except for an interest payment made on July 1, 1929. We find no allegation, however, that the act of mortgage by which they are secured had been recorded in the mortgage office of the parish. Article 7 of the petition of intervention contains an allegation to the effect that the notes held by third opponent and those foreclosed on by Mrs. Nichols are "manifestly duplicate notes, each secured by the same mortgage," and that, as it is unable to state which series of notes was the first one issued, the matter presented is one which can only be determined by the court after due hearing of the respective rights of each party.

The sale of the mortgaged property was proceeded with before a hearing on the intervention presented, and there was realized a sum which was $227.27 in excess of all that was due on the notes foreclosed on.

The present contest is over the disposition that is to be made of the surplus of $227.27 from the sale of the property under the Nichols foreclosure.

The district judge rendered a judgment on the intervention in which he rejected the demands of the intervener in so far as they related to the respective claims between it and Mrs. Nichols, and he recognized all of the rights of the latter under the mortgage securing the notes which she held, ordering and directing the sheriff to deliver to her the proceeds from the sale of the property in an amount sufficient to pay her in full. With regard to the surplus left after the payment of the mortgage notes, the judgment reads: "That as to said surplus of $227.27, the disposition of which is in contest between said intervenor and said succession, decision is reserved for some future time."

At a later date, the court rendered judgment in favor of the intervenor as an ordinary creditor of the estate of William J. Carmouche in the sum of $1,500, but rejected its demand to be recognized as a privileged and preferred creditor to the extent of the $227.27 under the mortgage claimed by it. The judgment ordered the sheriff to deliver that sum to the administrator of the succession of William J. Carmouche. From that judgment, the intervener took this devolutive appeal.

In their brief before this court, counsel for the intervener recognizes the correctness of the judgment of the lower court which decreed Mrs. Nichols to be the first mortgage creditor of the estate as relates to the property which was foreclosed on. The statement which they frankly make to the court, coupled with the judicial admission made by the intervener in article 7 of its petition to the effect that the notes it holds and the Nichols notes "are manifestly duplicate notes, each secured by the same act of mortgage," makes it quite difficult to understand upon what theory it can claim a privilege which would arise out of that mortgage. Having judicially alleged that the two series of notes were "manifestly duplicates" and that each was secured by the same act of mortgage, and having now conceded the validity of the sale of the property under the act of mortgage executed on by Mrs. Nichols, it is obvious that the Nichols notes were the genuine notes and that those held by intervener are the duplicates. As the mortgage was given to secure only one set of notes, and these, the original notes (admittedly those held by Mrs. Nichols), it follows that those held by the intervener, being only duplicates, could not also be secured. If the notes are not secured by that mortgage, and that is the only mortgage reference is made to, all that is said about the mortgage being valid as between the parties even though it is not recorded is beyond the issue involved herein and need not be considered.

As there is no other ground on which the intervener claims the right of a privileged creditor of the estate, we find no trouble in agreeing with the district judge that it is only at best an ordinary creditor and therefore that the amount of $227.27 against which the privilege was asserted was correctly ordered to be delivered to the administrator of the succession.

Judgment affirmed.